**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **OZZIE ELLSWORTH MONTGOMERY,**     ) <br>      **ID # 1905515,**                                      ) <br>           Petitioner,                                       ) <br> vs.                                                                ) <br>                                                                        ) <br> **LORIE DAVIS, Director,**                        ) <br> **Texas Department of Criminal**              ) <br> **Justice, Correctional Institutions Division,** ) <br>           Respondent.                                    ) | No. 3:18-CV-0548-L (BH) <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is *Petitioner's Motion for Summary Judgment with Brief in Support*, received on March 9, 2018. (*See* doc. 5.) Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254, and the motion for summary judgment should be **DENIED** with prejudice.

**I. BACKGROUND**

Ozzie Ellsworth Montgomery (Petitioner), a state prisoner currently incarcerated in the Texas Department of Criminal Justice Wynne Unit (TDCJ), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

On August 27, 1984, Petitioner pled guilty and received life sentences for aggravated robbery in Cause No. F84-73687 and murder in Cause No. F84-92319 in Criminal District Court No. 1 of Dallas County, Texas. (*See* doc. 3 at 2); *see also* www.dallascounty.org (search for petitioner). He did not appeal. *See* www.txcourts.gov (search for petitioner). He filed a state habeas application that was signed on October 19, 2017, and received on October 24, 2017. *See* www.dallascounty.org

(search for petitioner). It was denied on January 10, 2018. *Ex parte Montgomery*, No. 87,768-01 (Tex. Crim. App. Jan. 10, 2018).

Petitioner's federal habeas petition, received on March 9, 2018, raises the following grounds:

(1) He should have been released on mandatory supervision when his twenty years served and his good time credits totalled sixty years, because the statute is ambiguous and the legislature did not intend that a person serving a life sentence would not be eligible for mandatory supervision release;

(2) The failure to release him on mandatory supervision violated his right to due process;

(3) The failure to release him violated his right to equal protection.

(*See* doc. 3 at 6-7.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to

2

procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. MANDATORY SUPERVISION

Petitioner contends that the statute governing eligibility for release to mandatory supervision is ambiguous and that the legislature did not intend that a person serving a life sentence would not be eligible for mandatory supervision release. He also contends that the failure to release him on mandatory supervision violates his constitutional rights to due process and equal protection.

Texas law has consistently provided that an inmate "shall be released to mandatory supervision" when the "calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." *See Ex parte Frank*, 71 S.W.3d 327 (Tex. Crim. App. 2002) (that statutory law in effect in 1981 when defendant committed the offense did not substantively change as of 2002). In *Frank*, the Texas Court of Criminal Appeals held that an inmate serving a life sentence was not eligible for release on mandatory supervision, however. *Id*. It reasoned that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id*. at 328.

The United States Court of Appeals for the Fifth Circuit has held that under *Franks*, an inmate serving a life sentence is not eligible for mandatory supervision release. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). It explained that "it is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law, and we defer to the state courts' interpretation" of its statute. ... We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law." *Id*. at 279 (citations omitted). Petitioner is not entitled to habeas review of the Court of Criminal Appeals' interpretation of Texas statutory law, so his claim that the

statute is ambiguous fails.

Because Petitioner is not eligible for mandatory supervision release, he has no liberty interest in mandatory supervision release, and he is not entitled to due process. *See Arnold*, 306 F.3d at 279 (because petitioner was not eligible for mandatory supervision release, he did not have a constitutionally protected interest). His claim that his right to due process was violated because he was not given a hearing before being denied release on mandatory supervision also fails.

Finally, Petitioner's claim that the failure to release him on mandatory supervision violated his right to equal protection also fails. He has not shown that he has been treated differently than other inmates sentenced to life sentences. *See Rodriguez v. Quarterman*, 2009 WL 2170036 at *4 (S.D. Tex. July 20, 2009) (no equal protection violation where an inmate serving a life sentence was found ineligible for mandatory supervision release because he was not treated differently than other inmates sentenced to life sentences).

## IV.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254, and the motion for summary judgment, should be **DENIED** with prejudice.

**SO RECOMMENDED** this 2nd day of April, 2018.

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE