# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **OZZIE ELLSWORTH MONGOMERY #1905515,** | § § § § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:18-CV-548-L** |
| | § | |
| **LORIE DAVIS, Director, TDCJ-CID,** | § § § § | |
| Respondent. | § | |

## ORDER

On April 2, 2018, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the petition for habeas corpus relief under 28 U.S.C. § 2254 and the motion for summary judgment be denied with prejudice. Although Petitioner titled the motion as "Petitioner's Motion for Summary Judgement [*sic*] with Brief in Support," it is apparent from the substance of the motion that Petitioner is seeking habeas corpus relief under 28 U.S.C. § 2254.

The magistrate judge determined that pursuant to Fifth Circuit precedent Petitioner is not entitled to habeas review of the Court of Criminal Appeals' interpretation of Texas statutory law, and that his claim that the statute is ambiguous fails as a matter of law. The magistrate judge further determined that: (1) because Petitioner is not eligible for mandatory supervision release, he has no liberty interest in mandatory supervision release, and he is not entitled to due process; and (2) Petitioner's claim that the failure to release him on mandatory supervision violated his right to equal protection of the law also fails because he has not shown that he was treated differently than other inmates sentenced to life sentences.

Petitioner filed an objection to the Report (Doc. 10). Petitioner contends that his statement that "the sixty (60) years as life for parole eligibility became a liberty issue under the enacted laws of the 65th Texas legislature" was not addressed. Obj. 2. This objection, however, is insufficient to overcome the magistrate judge's recommendation, as she addressed Petitioner's statement and concluded that because he is not eligible for mandatory supervision release, he has no liberty interest in mandatory supervision release and is not entitled to due process under the law.

After carefully considering the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which an objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **denies** Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 5), **denies** Petitioner's Motion for Summary Judgment, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

    **It is so ordered** this 30th day of July, 2018.

Sam A. Lindsay
United States District Judge